# Exhibit A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HUNTHAUSEN,<br><br>Plaintiff,<br><br>v.<br><br>SPINE MEDIA, LLC et al.,<br><br>Defendants. | Case No.: 3:22-cv-1970-JES-DDL<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**ECF No. 15** |

Spine Media, LLC ("Defendant") filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC") alleging that Plaintiff failed to plead a viable cause of action for violating the Video Privacy Protection Act ("VPPA"). In particular, Defendant argues that Plaintiff failed to plead that Defendant is a video tape service provider, that Plaintiff failed to plead the disclosure of personal identifying information ("PII") to a third party, that Plaintiff is not a "consumer" under the VPPA, and that Plaintiff failed to allege that Defendant knowingly disclosed PII. For the reasons stated below, the Court **GRANTS** the motion to dismiss with prejudice.

### I.  BACKGROUND

Plaintiff is a "consumer privacy advocate" who works to ensure that companies abide by the obligations imposed by federal law under the VPPA. FAC ¶¶ 22-24. Plaintiff has a Facebook account. FAC ¶ 19. Defendant is engaged in the business of delivery of

1

1   video materials, specifically, Defendant's business model involves monetizing instances
2   in which consumers watch videos on the website. FAC ¶ 16. During the past year,
3   Plaintiff visited www.yourbump.com (the "Website") and watched one or more videos.
4   FAC ¶¶ 1, 25. Plaintiff also purchased products advertised on the Website by third parties
5   from which Defendant receives direct or indirect compensation. FAC ¶ 23. When
6   Plaintiff watched videos on the Website, Defendants disclosed event data, which
7   recorded and disclosed the video's title, description, and universal resource locator, to
8   Facebook using a Facebook tracking pixel. FAC ¶¶ 13-20, 26.
9       The Facebook tracking pixel is a device that includes programming code that
10  advertisers can integrate into their website. FAC ¶ 13. Once activated, the Facebook
11  tracking pixel "tracks the people and type of actions they take." FAC ¶ 13. Advertisers
12  control what actions the tracking pixel will collect, including website's metadata, along
13  with what pages a visitor views. FAC ¶ 14. Advertisers control how the tracking pixel
14  identifies visitors and the pixel is configured to automatically collect "HTTP Headers,"
15  and "Pixel-specific Data." FAC ¶ 15. HTTP Headers collect "IP addresses, information
16  about the web browser, page location, document, referrer and persons using the website."
17  *Id*. Pixel-specific data includes the "the Pixel ID and cookie." *Id*.
18      Facebook matches activity on the Website with a user's profile and allows users to
19  download their "off-site activity," which is a "summary of activity that businesses and
20  organizations share with [them] about your interactions, such as visiting their apps or
21  websites." FAC ¶ 21. The off-site activity report confirms that Defendants identify an
22  individual's video viewing activities. *Id*. Defendants also disclosed identifiers for
23  Plaintiff, including the c_user and fr cookies. FAC ¶ 26. Plaintiff alleges that Defendant
24  knowingly disclosed Plaintiff's PII to Facebook. FAC ¶ 21.
25  / / /
26  / / /
27  / / /
28  / / /

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). A court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not accept conclusory allegations as true, but "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 115, 1121 (9th Cir. 1992). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Plausibility requires pleading facts, as opposed to conclusory allegations, which rise above the mere conceivability or possibility of unlawful conduct. *Twombly*, 550 U.S. at 555.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Factual allegations must be "enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal, supra*, 556 U.S. at 679.

When a complaint fails to state a claim as set forth above, a plaintiff may seek leave to amend to cure its deficiencies. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend, the court considers the following factors: the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000). Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, leave to amend should be denied where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *New v. Armour Pharm. Co.*, 67 F.3d 716, 722 (9th Cir. 1995); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 297 (9th Cir. 1990) (amended complaint may not contradict prior pleadings). Repeated failure to cure deficiencies by amendment previously allowed is also a reason to deny leave to amend. *Foman*, 371 U.S. at 182. "[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

/ / /
/ / /
/ / /

### III. ANALYSIS

The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally identifiable information" about one of its consumers "to any person," and provides for liquidated damages in the amount of $2,500 for violation of its provisions. 18 U.S.C. §§ 2710(b) and 2710 (c)(2). To plead a plausible claim under section 2710(b)(1), a plaintiff must allege that (1) a defendant is a "video tape service provider," (2) the defendant disclosed "personally identifiable information concerning any consumer" to "any person," (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by section 2710(b)(2). *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015). Defendant argues that Plaintiff has failed to state a single element required to prove a VPPA claim. The Court will focus its attention on the definition of a "consumer" under the VPPA.

#### A. Plaintiff is Not a "Consumer" under the VPPA

The VPPA defines the term "consumer" to mean, "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1). Plaintiff admits that he is neither a renter nor a subscriber under the VPPA. Plaintiff alleges that he is a purchaser under the VPPA, because he "purchased products advertised on Defendant's website by third parties from which Defendant receives direct or indirect compensation." FAC ¶ 23. Plaintiff appears to admit that he did not purchase anything directly from Defendant, but rather from third parties. It begs the question of whether that third party purchase qualifies Plaintiff as a "consumer" under the VPPA.

As mentioned above, the VPPA specifically defines the term "consumer" to mean, "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1). The terms "renter," "purchaser," and "subscriber" are not defined in the Act and thus are given their ordinary meaning. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1062 (9th Cir. 2009). "In interpreting a statute … courts are not to construe each phrase literally or in isolation." *Carter v. Scripps Network, LLC*, No. 22-CV-2031 (PKC), 2023 WL306858, at *5 (S.D.N.Y. Apr. 24, 2023) (quoting

*Federal Housing Finance Agency v. UBS Americas Inc.*, 712 F.3d 136, 141 (2nd Cir. 2013) (quotation marks omitted). In the statute's full context, a reasonable reader would understand the definition of "consumer" to apply to a renter, purchaser or subscriber of audio-visual goods or services, and not goods or services writ large. *Carter*, 2023 WL306858, at *6. The definitions of "consumer" and "video tape service provider" are paired to some degree: "renter with rental, purchaser with sale, and subscriber with delivery, all of which subsection (a)(4) applies to audio visual materials. Thus, the scope of a "consumer," when read with sections 2710(b)(1) and (a)(4), is cabined by the definition of "video tape service provider," with its focus on the rental, sale or delivery of audio-visual materials. Section 2710(b)(1) provides for an action by a renter, purchaser of subscriber of audio-visual materials, and not a broader category of consumers." *Id.* Therefore, in order to be a "consumer" the individual must rent, purchase or subscribe for goods or services from a video tape service provider. Renting, purchasing or subscribing for goods or services from a third party connected to a video purchase provider is insufficient to make someone a "consumer" under the VPPA. Similarly, just because a video tape service provider indirectly receives a monetary benefit by virtue of a person's direct payments to a cable television provider does not make that person a "consumer" under the VPPA. *See Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1343 (11th Cir. 2018).

### B. The Court Need Not Reach the Remaining Issues as to Whether Defendant is a Video Tape Service Provider and Whether the Data Sent to Facebook Disclosed Plaintiff's PII

Defendant separately argues that the motion to dismiss should be granted because the FAC does not plausibly allege that Defendant is a video tape service provider, that the data sent to Facebook disclosed Plaintiff's PII and whether the disclosure was done knowingly. As just explained, because the FAC does not plausibly allege that Plaintiff is a "consumer" under the VPPA, the Court does not need to address the remaining questions. The VPPA only protects "consumers."

## IV. CONCLUSION

No amendment would allege sufficient facts to support a plausible cause of action that Plaintiff is a "consumer." For that reason, the Court **GRANTS** Defendant's Motion to Dismiss with prejudice. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 21, 2023

*[signature]*

Honorable James E. Simmons, Jr.
Unites States District Judge