IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE PILEGGI, *individually and on behalf of persons similarly situated*,<br><br>*Plaintiff,*<br><br>v.<br><br>WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC,<br><br>*Defendant.* | No. 1:23-cv-00345-BAH |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND DEFENDANT'S FURTHER NOTICE OF SUPPLEMENTAL AUTHORITY**

The Washington Examiner responds to Plaintiff's Notice of Supplemental Authority (Dkt. 25) regarding *Adams v. America's Test Kitchen, LP*, 2023 WL 4304675 (D. Mass. June 30, 2023), *appeal filed* No. 23-____ (1st Cir. July 14, 2023), and provides notice of the recent decisions in *Salazar v. Paramount Global*, 22-cv-756, Dkt. 33 (M.D. Tenn. July 18, 2023) (Ex. A), and *Gardener v. MeTV*, 2023 WL 4365901 (N.D. Ill. July 6, 2023) (Ex. B). *Adams* does not undermine the Washington Examiner's Motion to Dismiss because it did not consider any of our arguments. In contrast, *Salazar* and *Gardener* support the Washington Examiner's argument that Pileggi's allegations that she signed up for an email newsletter do not make her a "consumer" under the VPPA when visiting Washington Examiner webpages that contain videos.

*Adams*. The arguments the *Adams* court rejected are not the ones the Washington Examiner has raised. As to standing, that court rejected the argument that "there is no injury in fact" because the "information [allegedly] disclosed to Facebook is not 'personally identifiable information' as defined by the VPPA." 2023 WL 4304675, at *6. The court did not consider

whether injury in fact exists in the absence of allegations of a violation of the defendant's privacy policy.  *See* Mot. to Dismiss at 9-10 (Dkt. 21); Reply at 3-4 (Dkt. 23).  On the merits, the court rejected arguments that the plaintiff had failed to allege the first two elements of a knowing disclosure and had provided consent sufficient to satisfy the VPPA's unusual statutory consent provision.  2023 WL 4304675, at *7-8.[1]  The Washington Examiner has not raised either argument.  And the court did not consider the merits arguments the Washington Examiner has raised, including those based on *Martin v. Meredith Corp.*, 2023 WL 2118074 (S.D.N.Y. Feb. 17, 2023), and *Carter v. Scripps Network, LLC*, 2023 WL 3061858 (S.D.N.Y. Apr. 24, 2023).[2]

    ***Salazar and Gardener.***  In *Salazar*, the court rejected a VPPA plaintiff's argument that "he is a 'subscriber' under the VPPA because he signed up for an online newsletter" when the complaint did "not allege that an individual can only access the video content from [the defendant's website] through signing up for the newsletter."  *Salazar*, at 21.  The court found the "(alleged) facts materially indistinguishable" from those in *Carter* and "agree[d] with" that court's reasoning.  *Id.* at 18, 20.  Similarly, in *Gardener*, the court dismissed a VPPA claim, rejecting the plaintiffs' argument that "open[ing] an account separate and apart from viewing video content on [the defendant's] website is sufficient to render them 'subscribers' under the Act."  2023 WL 4365901, at *4.  In doing so, the court also found that "*Carter* is most persuasive on this point" and that the "*Carter* plaintiffs are indistinguishable from the Plaintiffs here," as none obtained "special access" to video content on the defendants' websites by signing

---

[1] The *Adams* court concluded that the website's privacy policy was not before it because "a close reading of the complaint reveals no reference to Defendants' privacy policies." 2023 WL 4304675, at *8.  But the defendants did not ask the court to take judicial notice of the policies.  *Id.* (citing Dkt. 32 at 9 n.4, 28-29).

[2] The motion to dismiss in *Adams* was fully briefed before *Martin* and *Carter* were decided.  The parties did not present either case to the court via a notice of supplemental authority.

2

up for a newsletter or account.  *Id*.  Both decisions support the Washington Examiner's similar arguments relying on *Carter*.  *See* Mot. to Dismiss at 17-18 (Dkt. 21); Reply at 8-9 (Dkt. 23).

Dated:  July 18, 2023

                    Respectfully submitted,

                    */s/ Scott H. Angstreich*

Mark C. Hansen (D.C. Bar No. 425930)
Scott H. Angstreich (D.C. Bar No. 471085)
Grace W. Knofczynski (D.C. Bar No. 1500407)
Eden M. Bernstein (D.C. Bar No. 1780538)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Fax: (202) 326-7999
mhansen@kellogghansen.com
sangstreich@kellogghansen.com
gknofczynski@kellogghansen.com
ebernstein@kellogghansen.com

*Counsel for Defendant The Washington Newspaper Publishing Company, LLC*

**CERTIFICATE OF SERVICE**

    I, Scott H. Angstreich, hereby certify that this document, Defendant's Response to Plaintiff's Notice of Supplemental Authority and Defendant's Further Notice of Supplemental Authority, was filed electronically on the 18th day of July, 2023, using the CM/ECF system which will be sent electronically to any registered participant as identified on the Notice of Electronic Filing (NEF).

                                                                    */s/ Scott H. Angstreich*
                                                                      Scott H. Angstreich